**UNITED STATES of America,**
**Plaintiff,**

v.

**David Marshall PENCE, Defendant.**

**No. 4–68–Cr–21.**

United States District Court
D. Minnesota,
Fourth Division.

July 31, 1968.

J. Earl Cudd, Asst. U. S. Atty., Minneapolis, Minn., for plaintiff.

Douglas Hall, Minneapolis, Minn., for defendant.

## MEMORANDUM & ORDER DENYING MOTIONS TO SET ASIDE JURY VERDICT, TO DISMISS THE INDICTMENT, OR IN THE ALTERNATIVE FOR A NEW TRIAL

DEVITT, Chief Judge.

Following his conviction by a jury of the offense of wilfully and knowingly failing and neglecting to comply with an order of his local draft board to report for and submit to induction into the Armed Forces of the United States, the defendant has filed a motion to set aside the verdict of the jury, to dismiss the indictment, or in the alternative to grant a new trial.

The motions are denied.

The principal contention of the defendant on these motions is that he is a conscientious objector and that the local draft board and the State Appeals Board erred in refusing to classify him into Class 1–O as a conscientious objector.

The scope of judicial review of the action of the Selective Service Boards is very limited. The courts are confined to determining whether there is some basis in fact for the classification action of the Board. The Supreme Court in Estep v. United States, 327 U. S. 114, 66 S.Ct. 423, 90 L.Ed. 414 (1946), said in part that:

"The decision of the local boards made in conformity with the regulations are final even though they may be erroneous. The question of jurisdiction of the local board is reached only if there is no basis in fact for the classification which it gave the registrant."

The principles of the *Estep* case are restated in the law, 50 App. U.S.C. § 460(b) (3) as amended by the Military Selective Service Act of 1967, Pub.L. 90–40, § 1(8)–(10), 81 Stat. 103, 105, where it is said that review by the courts shall go—

"* * * to the question of the jurisdiction herein reserved to local boards, appeal boards and the President only when there is *no basis in fact* for the classification assigned to such registrant." (Emphasis added.)

It is very doubtful, first off, if the Court has authority to make the limited review authorized by *Estep* and the new statute because it appears here that the defendant has not exhausted his administrative remedies and therefore may not challenge his classification. In Falbo v. United States, 320 U.S. 549, 64 S.Ct. 346, 88 L.Ed. 305, the Court said:

"* * * It is certain that Congress was not required to provide for judicial intervention before final acceptance of an individual for national service."

In this case the defendant refused to take physical and other tests precedent to induction and so did not qualify for, and was not finally accepted into, national military service.

The principle enunciated in *Falbo* was restated in Billings v. Truesdell, 321 U. S. 542, 64 S.Ct. 737, 88 L.Ed. 917 (1944).

In a Second Circuit decision, United States v. Kauten, 133 F.2d 703 (1943), it was held that an examination by mili-

tary authorities is necessary prior to actual induction, and that until such examination has been performed, induction is a contingent matter. The Court said: "Only when the Army makes its choice are all administrative steps taken and is the administration proceeding concluded." See also the recent case of Briggs v. United States (9th Cir. 1968), 397 F. 2d 370, July 23, 1968.

But even assuming that this defendant is in a position to challenge his classification in the limited manner authorized by *Estep*, it appears from the file that there is a basis in fact for the action of the board in refusing to classify the defendant as a conscientious objector within the meaning of the law. Several facts appearing in the file, and reasonable deductions to be made from them, lend a "basis in fact" for the board's action.

On the conscientious objector form defendant indicated that he had no religious affiliation.

Defendant's statement in May, 1967, that he would accept civilian work in lieu of induction, and his statement in October, 1967 that he would not cooperate with an evil law may be viewed as demonstrating an instability of beliefs and principles. This may be considered by the board in determining the sincerity of the defendant's claim. Ayers v. United States (9th Cir., 1956) 240 F.2d 802.

The defendant failed to report for his Armed Forces physical examination on September 25, 1967.

Defendant's claim for classification as a conscientious objector was filed long after his initial registration, more than a year after he left the seminary, and shortly before his 2–S classification in July of 1967. The time for filing a claim as a conscientious objector may be considered in determining sincerity. Witmer v. United States, 348 U.S. 375, 75 S.Ct. 392, 99 L.Ed. 428 (1955).

He failed to appeal his 1–A–O classification of August 8, 1967.

The defendant said in a letter dated August 28, 1967, following his 1–A–O classification, that:

"* * * The only meaningful relationship which I can establish with laws I consider immoral is to break those laws. * * * I hope that by my actions others will see the immorality of our war in Vietnam and the inequities of the present draft laws."

Following his appearance before the local board in 1967 defendant summarized his statements there made in a letter dated October 10, 1967, stating, in part:

"* * * my belief grew from a disagreement with our basic policies in Vietnam and then to a disengagement with the selective service system and all acts of war in our society. I explained that the draft deferment system selectively discriminates against the poor and non-student members of society and also against those conscientious objectors not belonging to organized religion. * * * this was responsible civil disobedience * * * my breaking of the law in terms of higher allegiances than the law of the land. * * *"

The fact that defendant's written statements, some of which are quoted above, reflect an objection to the Viet Nam war as immoral and to the draft law as discriminatory well may have been viewed by the local board as evidence of an absence of sincere conscientious objection to all war.

Defendant's belated claim for conscientious objector status coincided with the increase in anti-Viet Nam demonstrations.

The defendant's various statements tend to support the board's probable inference that defendant's views were based on political, social and philosophical views that violence cannot achieve the objectives of people or their governments.

Two letters filed by clergymen in support of his conscientious objector claim failed to give an indication that his beliefs arose out of his religious training

or that he is opposed to war in any form.

I am satisfied that the facts in the file and the inferences to be drawn from those facts constituted a basis in fact for the action of the administrative boards within the Selective Service System to classify the defendant as it did. It must be remembered, as it was said is *Estep*, supra, that:

"* * * the courts are not to weigh the evidence to determine whether the classification made by the local board was justified."

The decisions of local boards made in conformity with the regulations are final, albeit erroneous. The jurisdiction of the courts is to determine only whether there is a basis in fact for the classification which it gave the registrant.

I am satisfied that there is a basis in fact for the classification which the board gave this defendant.

Accordingly, the post-trial motions are denied.